# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 1:14-cv-293-RJC-DSC

| | | |
|---|---|---|
| **SANDY L. GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 9, 10); Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13); Defendant's Objection to the M&R, (Doc. No. 14); and Plaintiff's Reply to Defendant's Objection, (Doc. No. 15). The M&R recommends that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed; and that this matter be remanded for further proceedings. The issues have been fully briefed and are ripe for adjudication.

## I. Background

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. The Court thus adopts the facts as set forth in the M&R and takes notice of the documents filed thereafter.

**II.     Standard of Review**

The district court may assign dispositive pretrial matters pending before the Court to a magistrate judge for "proposed findings of fact and recommendations."    28 U.S.C. §§ 636(b)(1)(A)–(B).  The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."    Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979).  The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established.  It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.   Discussion

Defendant objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") improperly assessed Plaintiff's Residual Functional Capacity ("RFC") and that this case must be remanded pursuant to Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Specifically, Defendant contends that the Magistrate Judge misapplied the Mascio decision and incorrectly found that the ALJ gave no explanation of why Plaintiff's moderate limitations in concentration, persistence, or pace did not translate into a limitation in her RFC.

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR 96-8p. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id. In Mascio, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729

F.3d 172, 177 (2d Cir. 2013)).  The Fourth Circuit also found that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."  Id. at 638 (internal quotation marks omitted). Furthermore, "the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Id.

As Defendant notes, Mascio did not adopt a per se rule requiring remand in every case in which a moderate limitation in concentration, persistence, or pace is not translated into something more than just an "unskilled work" or "simple task" limitation in the RFC.  For example, if an ALJ finds that a claimant's limitations in concentration, persistence, or pace do not affect her ability to work, then it is appropriate to exclude those limitations from the RFC finding and, consequently, the hypothetical question posed to the vocational expert ("VE").  Id.  While Mascio did not adopt a per se rule, however, it still requires an analysis that allows the court to meaningfully review the ALJ's decision.  Id. at 636–37.  The ALJ must "explain why [the claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the claimant's] residual functional capacity."  Id. at 638.  Furthermore, where the ALJ fails to sufficiently explain this analysis, the district court may not mine the facts in the record to justify the ALJ's decision.  Brown v. Colvin, No. 14-2106, 2016 WL 502918, at *1 (4th Cir. Feb. 9, 2016).

Similar to Mascio, the ALJ in this case failed to provide analysis sufficient to allow for meaningful review.  At step three, the ALJ found that Plaintiff has moderate difficulties related to concentration, persistence, or pace.  (Tr. 36).  However, the ALJ's RFC finding did not account for those limitations.  Therefore, the ALJ needed to explain why Plaintiff's moderate limitation in

concentration, persistence, or pace did not translate into a limitation in Plaintiff's RFC. The ALJ failed to provide such an explanation; thus, remand is appropriate.

The ALJ discussed Plaintiff's depression, her reports of anxiety, and her Global Assessment of Functioning scores. (Tr. 40). The ALJ also discussed the opinions of the psychological consultative examiner, Dr. Rebecca Reavis, and stated that he gave her opinion "great weight." (Tr. 40–41). The ALJ noted Dr. Reavis's opinions that Plaintiff is experiencing "mild" depression and is "psychiatrically stable" and that Plaintiff "does not possess any intellectual or cognitive barriers to employment." (Id.). However, the ALJ did not discuss Plaintiff's limitations relating to concentration, persistence, or pace or analyze whether those limitations affected her ability to work, and the RFC finding did not account for these limitations by merely limiting Plaintiff to "simple tasks."[1] Mascio, 780 F.3d at 638. Furthermore, contrary to Defendant's argument, the ALJ did not discuss or explain how the "medical evidence demonstrates that [Plaintiff] can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011), and the Court may not mine the record to find such support, Brown, 2016 WL 502918, at *1. Accordingly, the Court finds that the ALJ's RFC finding did not sufficiently account for Plaintiff's limitations in concentration, persistence, or pace; therefore, this matter must be remanded for further proceedings.[2]

**IV.    Conclusion**

Under the fourth sentence of 42 U.S.C. § 405(g), the Court has the "power to enter, upon

---

[1] A limitation "to simple tasks with frequent interaction with supervisors, coworkers and the public," (Tr. 37), addresses only Plaintiff's moderate difficulties in social functioning.

[2] Having found remand necessary due to error in the function-by-function analysis and RFC determination, the Court need not address other arguments raised in Plaintiff's Motion for Summary Judgment.

the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." See also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). In light of the Fourth Circuit's ruling in Mascio, the Court **reverses** the Commissioner's decision and **remands** the case for a new hearing.

On remand, the ALJ is directed to conduct a new hearing, obtain further vocational expert testimony, and issue a new decision consistent with the relevant holdings of Mascio, which require a thorough function-by-function analysis and an analysis pertaining to Plaintiff's limitations in concentration, persistence, or pace. First, in conducting the function-by-function analysis, the ALJ must use "narrative discussion describing how the evidence supports each conclusion." Mascio, 780 F.3d at 636 (citing SSR 96-8p). A mere recitation of select evidence is not a sufficient substitute for the function-by-function analysis required by Mascio, particularly if there is contradictory evidence in the record. The ALJ is directed to assess Plaintiff's capacity to perform relevant functions, as well as Plaintiff's ability to perform those functions for a full workday. The ALJ is also directed to consider limitations and restrictions imposed by Plaintiff's impairments, including all of her mental limitations. Second, the ALJ is directed to further address Plaintiff's difficulties in concentration, persistence, or pace, and either account for them in the RFC finding or explain why those limitations do not affect Plaintiff's ability to work.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**; and

4. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** for a new hearing consistent with this Order and the Fourth Circuit's holdings in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015).

Signed: March 3, 2016

Robert J. Conrad, Jr.
United States District Judge